UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ISATU VILLE,

        Plaintiff,

  v.

FAMILY RESOURCE HOME CARE,

        Defendant.

CASE NO. C17-0606RSM

ORDER GRANTING MOTION TO COMPEL

THIS MATTER comes before the Court on Defendant's Motion to Compel Initial Disclosures. Dkt. #22. This case was filed on May 5, 2017, yet Plaintiff has not yet served her Initial Disclosures. Despite several extensions of time by Defendant, Plaintiff has refused to fulfill her requirements. *See* Dkts. #22 and #23. Plaintiff has also failed to respond to this motion.

As an initial matter, under the Court's Local Rules, "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). The Court deems Plaintiff's failure to respond to this motion as such an admission.

Further, the Federal Rules of Civil Procedure require Plaintiff to make Initial Disclosures in this case. Rule 26 provides:

> a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the

ORDER
PAGE - 1

subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1). Nothing in the record persuades the Court that Plaintiff should be excused from this obligation.

Finally, Defendant seeks its costs and fees in bringing this motion. Dkt. #22 at 4-5. Rule 37 provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)(5)(A). However, a court must not order this payment if: ". . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). While the Court acknowledges Defendant's frustration with these proceedings, it finds that an award for attorney's fees and costs would be unjust under the circumstances of this case. At the time this motion was pending, Plaintiff was represented by counsel and was having difficulty communicating with him, particularly as her attorney was located in Texas and she was in Washington. Further, Plaintiff is now *pro se*, and is, by all

ORDER
PAGE - 2

accounts unemployed. It is also clear from the record that she did not fully understand the posture of this case prior to the filing of this motion.

Accordingly, the Court hereby finds and ORDERS:

1) Defendant's Motion to Compel Initial Disclosures (Dkt. #22) is GRANTED. **No later than fourteen (14) days from the date of this Order, Plaintiff shall serve on Defendant her required Initial Disclosures. Those disclosures SHALL NOT be filed with the Court. Plaintiff is warned that refusing to produce her Initial Disclosures may result in sanctions, including the dismissal of her case.**

2) Defendant's request for attorney's fees and costs is DENIED at this time. **However, Plaintiff is warned that if Defendant is forced to file a second motion related to her Initial Disclosures, the Court may award Defendant fees and costs as a result.**

3) The Clerk SHALL send a copy of this Order to Plaintiff at the address reflected on the Court's docket.

DATED this 21 day of February, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE